Receipt number 9998-3877632

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

FILED

MAR 31 2017

U.S. COURT OF
FEDERAL CLAIMS

———————————————

Dell Federal Systems, L.P.,          )
                                     )
        *Plaintiff*,                 )        Civil Action No.__17-465 C__
                                     )        Judge _____
        v.                           )
                                     )
The United States of America,        )
                                     )
        *Defendant*.                 )
                                     )
———————————————  )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Dell Federal Systems, L.P. ("Dell"), by and through its undersigned counsel, hereby files this Complaint protesting the "corrective action" of the Defendant, the United States of America, Army Contracting Command – Rock Island ("Army"), that would involve (i) canceling the valid Army Desktop Mobile and Computing – 3 ("ADMC-3") awards to Dell and eight other awardees under Solicitation No. W52P1J-15-R-0122 (the "RFP"); and (ii) conducting a new competition on a lowest-priced, technically-acceptable ("LPTA") basis by opening discussions and allowing all offerors to submit revised price and/or technical proposals, after having disclosed Dell's winning price to its competitors. The Army's decision to cancel Dell's award, conduct discussions, and resolicit proposals without sufficient justification is arbitrary, capricious, and violates the duty of fair treatment owed by agencies to contractors under the Federal Acquisition Regulation ("FAR").

There is no rational basis to justify the Army's voluntary decision to take corrective action—a decision made based on unmeritorious protest grounds that Dell's competitors raised before the Government Accountability Office ("GAO"). Even assuming *arguendo* that some

1

purported defect in the evaluation process justified taking corrective action, the Agency's announced corrective action is not reasonably targeted to address any such defect. The Army has arbitrarily decided to resolve the alleged evaluation errors not by simply reevaluating the proposals in accordance with the RFP's terms, but by essentially starting the competition over (after revealing the winning prices of Dell and the other awardees) by opening discussions and accepting revised proposals. Notwithstanding that the protesters' arguments primarily addressed perceived flaws in the Army's evaluation of the offerors' *technical* proposals, the Army has not limited its corrective action to resolving those concerns—rather, it has stated that it will open discussions and accept revised *price* proposals as well as technical proposals. And while several protesters had argued that the Army was required to seek *clarifications* for those proposals deemed technically unacceptable, such allegations, even if they had merit, would not warrant opening *discussions* and requesting revisions to technical and price proposals. The scope of the Army's proposed corrective action so exceeds that required to remedy any alleged defects in the Agency's evaluation that it amounts to an abuse of discretion.

By this filing, and the accompanying Application for a Temporary Restraining Order ("TRO") and Preliminary Injunction and Memorandum of Points and Authorities in support thereof, Dell is seeking to enjoin the Army from canceling the award of the contract to Dell and allowing offerors to submit revised proposals. Dell also requests that the Court declare that the Army's proposed corrective action is arbitrary and capricious and that the Court enter a TRO and injunction prohibiting the Army from undertaking its unlawful proposed corrective action.

## PARTIES

1.      Plaintiff Dell is a leading provider of desktop computers, high-performance tablets, laptops, workstations, multifunction devices and other technologies to the United States Federal Government.

2.      Defendant is the United States of America, acting through the Army Contracting Command – Rock Island, which provides global contracting support to America's warfighters.

## JURISDICTION, VENUE, AND STANDING

3.      Jurisdiction and venue in this Court are based on the Tucker Act, 28 U.S.C. § 1491, as amended by the Administrative Disputes Resolution Act of 1996, Pub. L. No. 104-320 § 12,110 Stat. 3870, 3874-75 (1996), 28 U.S.C. § 1491(b).

4.      Dell is an actual offeror that was awarded a contract at issue in this action.  Dell has standing to challenge the Army's flawed decision to take corrective action because Dell has demonstrated a non-trivial competitive injury that can only be addressed by judicial relief.  In addition, Dell has standing because, but for the Army's arbitrary conduct, Dell would have retained its award and would not now be subject to re-competing for a contract it fairly and lawfully won.  Dell's economic interests will be directly and adversely affected if the Army's unlawful corrective action is not enjoined.

## STATEMENT OF FACTS

**A.      The Solicitation**

5.      On May 3, 2016, the Army issued the RFP for the acquisition of commercial-off-the-shelf desktop computers, integrated desktop computers, workstations, electronic display, notebooks, tablet computers, slate, thin client, ultra-thin client, printer, multifunction devices and warranty.

6.      The RFP provided that the Army would evaluate proposals based on Factor 1,

Technical Approach, and its two subfactors; Factor 2, Past Performance; and Factor 3, Price.

Award would be made to responsible offeror(s) on an LPTA basis.

7.      The RFP anticipated a total of eight Indefinite Delivery/Indefinite Quantity

("IDIQ") awards, with approximately five reserved for small businesses.

8.      Performance of the contract(s) awarded under the RFP would span ten years,

including a five-year base period and one five-year option period.

**B.      The Army's Award Decisions**

9.      On February 16, 2017, the Army notified Dell that it had been selected for an

award under the Full and Open Competition category of the competition.  Dell was one of four

awardees selected under this category.  Five other companies received awards under the Small

Business Reserve category.

**C.      The Protests at GAO**

10.     A total of 21 disappointed offerors filed protests with the GAO challenging the

Army's award decisions.

11.     The protesters generally asserted that the Army had unreasonably evaluated the

protesters' proposals as technically unacceptable and therefore ineligible for award.  Several

protesters also argued that the Army should have clarified clerical or minor errors in technical

proposals.

12.     Dell filed a notice of intervention in three of the protests.

**D.      The Army's Decision to Take Corrective Action and Subsequent Events**

13.      On March 21, 2017, the Army issued a notice of corrective action.  This notice stated that the Army would reopen discussions, request final proposal revisions, and issue a new award decision.  On March 23, 2017, GAO dismissed all of the protests as academic.

14.      On March 24, 2017, the Army provided Dell (and presumably other offerors) with a notice advising that discussions were open with all offerors in the competitive range.  The Army notified Dell that it could revise both its technical and price proposals and invited Dell to present its best and final proposal.  Revised proposals were to be submitted no later than Monday, April 3, at 10:00 a.m. Central time.

15.       On March 27, 2017, counsel for Dell contacted Army counsel, Wade L. Brown, Esq., to advise him of Dell's objection to the Army's planned corrective action.  The following day, Dell provided Mr. Brown and the contracting officer, Joelle R. Donovan, with a letter outlining the factual and legal bases for Dell's objections to the proposed corrective action.  Dell did not receive a response to its letter, and this action followed.

**COUNT I**

**The Army's Conduct is Arbitrary, Capricious, and Inconsistent with Applicable Law
Because the Army Took Corrective Action in Response to Meritless Protests.**

16.      Plaintiff repeats and realleges the allegations in paragraphs 1 through 15 above and incorporates those allegations herein by reference.

17.      As discussed at length in Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Application for a Temporary Restraining Order and Permanent Injunction ("Plaintiff's Memorandum"), the Army's proposed corrective action is arbitrary, capricious, and violates applicable law because there were no flaws in the Army's evaluation.  The Army's

5

technical evaluations were reasonable, and the protesters' proposals were deemed technically unacceptable because they failed to conform to the RFP's requirements.

18.     It is highly unlikely that GAO would have sustained any of the protest grounds, all of which lacked merit.  None of the protesters' arguments provided any justification for the Army's decision to take corrective action and disrupt Dell's award, and the Army has not provided any explanation for doing so.

## COUNT II

**The Army's Proposed Corrective Action is Arbitrary, Capricious, and Inconsistent with Applicable Law Because it Exceeds the Scope Required to Address Any Alleged Errors in the Army's Evaluation.**

19.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 18 above and incorporates those allegations herein by reference.

20.     As discussed at length in Plaintiff's Memorandum, the Army's proposed corrective action is arbitrary, capricious, and violates applicable law because the corrective action exceeds the scope of any corrective action that might be required to address the alleged flaws in the Army's evaluation.

21.     The protesters' arguments before GAO only challenged the Army's evaluation of the protesters' technical proposals and/or the Army's failure to provide clarifications related to defects identified in those proposals.  No protester argued that discussions were required. 1/

22.     Thus, even assuming *arguendo* that the Army did have a reasonable basis to take some limited corrective action, reevaluating the offerors' proposals would be sufficient to address any alleged flaw in the procurement.  But the Army proposes to reopen the competition by accepting revised technical and price proposals from all offerors, compelling Dell to

---

1/     HPI Federal offered discussions to GAO as a potential remedy, but the redacted protest contained no argument that discussions were required as a matter of law.

recompete under a LPTA evaluation scheme against competitors who have already been made aware of Dell's successful price.

23.     The Army's decision to solicit revised proposals far exceeds what would be required to address the perceived errors in the evaluation.  Thus, the Army's proposed implementation of its corrective action is arbitrary, capricious, and inconsistent with applicable law.

## COUNT III

**The Army's Decision to Allow Offerors to Revise Their Price Proposals is Arbitrary, Capricious, and Inconsistent with Applicable Law.**

24.     Plaintiff repeats and realleges the allegations in paragraphs 1 through 23 above and incorporates those allegations herein by reference.

25.     The Army's decision to solicit and accept revised price proposals from the offerors is irrational and cannot survive rational scrutiny.  The protesters' arguments before GAO involved the protesters' technical proposals, which the Army evaluated as unacceptable.  None of the protesters' arguments, even if meritorious, would require the Army to revisit pricing.

26.     Therefore, even assuming *arguendo* that the Army did have a reasonable basis to allow offerors to revise their proposals, any rational revision would be limited to the offerors' technical proposals.  The Army's decision to allow offerors to revise their price proposals cannot survive rational scrutiny, especially since Dell's successful price has already been disclosed to its competitors in this LPTA procurement.

27.     Thus, the Army's proposed implementation of its corrective action is arbitrary, capricious, and inconsistent with applicable law.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant and further requests this Court to:

1.      Issue a declaratory judgment, pursuant to 28 U.S.C. § 1491(b)(2), that Defendant's decision to take corrective action by setting aside Plaintiff's valid contract and reopening the competition in the absence of a rational justification is arbitrary, capricious, an abuse of discretion, and otherwise contrary to applicable federal law and regulation; and

2.      Enter an order enjoining Defendant from proceeding with its unlawful, arbitrary, and capricious proposed corrective action.


Dated:  March 31, 2017                          Respectfully submitted,



*Of Counsel*:                                   /s/ Michael F. Mason
                                                Michael F. Mason
C. Peter Dungan                                 HOGAN LOVELLS US LLP
Christine Reynolds                              555 Thirteenth Street NW
Thomas A. Pettit                                Washington, DC 20004
HOGAN LOVELLS US LLP                            Telephone:  (202) 637-5499
                                                Facsimile:  (202) 637-5910
                                                mike.mason@hoganlovells.com
                                                *Counsel of Record for Dell Federal Systems, L.P.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2017, a copy of the foregoing Complaint

was served via Electronic Mail on the following:

United States Department of Justice
Commercial Litigation Branch
Civil Division, 8th Floor
1100 L Street NW
Washington, DC 20530
E-mail:  nationalcourts.bidprotest@usdoj.gov

/s/ Michael F. Mason
Michael F. Mason